USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/24/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SUSAN SMITH,

                                  Plaintiff,

-v-

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.

------------------------------------------------------------X

17 Civ. 5639 (PAE) (SN)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Susan Smith brings this action against the Commissioner of Social Security ("Commissioner") seeking review of the Commissioner's decision that she is not entitled to Disability Insurance Benefits ("DIB") pursuant to the Social Security Act, 42 U.S.C. § 405(g). Each party filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). On August 10, 2018, the Honorable Sarah Netburn, United States Magistrate Judge, issued a Report and Recommendation (the "R&R"), recommending that the Commissioner's cross-motion be denied and that the case be remanded for further administrative proceedings. The Commissioner has objected in part to the R&R. For the reasons set forth below, the Court adopts the R&R and remands to the Social Security Administration for further proceedings.

**I.**     **Background**

The Court incorporates by reference the R&R's thorough recitation of the facts, to which neither party objects. The Court provides here only a brief account of the procedural history of this case.

On January 17, 2014, Smith filed an application for DIB, alleging that her disability began on March 31, 2013. R&R 2. On May 21, 2014, the Social Security Administration denied her claim on the ground that Smith's medical conditions did not constitute disability. Dkt. 14 (the "Administrative Record" or "AR") at 102. Smith appealed that determination and requested a hearing. R&R 2.

On December 2, 2015, Smith appeared with counsel before an Administrative Law Judge ("ALJ"). *Id.* On January 27, 2016, the ALJ issued a decision finding that Smith was not disabled within the meaning of the Social Security Act. *Id.* The ALJ found that Smith could perform "light work" pursuant to 20 C.F.R. § 404.1567(b), but with certain restrictions. *Id.* at 20. Relevant here, those restrictions included carrying 20 pounds only occasionally and 10 pounds frequently. *Id.* Based on this residual functional capacity ("RFC") determination, and crediting the testimony of a vocational expert, the ALJ concluded that Smith was able to perform a sufficient number of jobs in the national economy such that she was not disabled. *Id.* at 21.

On May 22, 2017, the Appeals Council denied review of the ALJ's decision, rendering the Social Security Administration's decision final. *Id.* at 2.

On July 25, 2017, Smith sought review in this Court. *See* Dkt. 1. After the Court granted Smith's request to proceed *in forma pauperis*, it referred the case to Magistrate Judge Netburn. *See* Dkts. 7, 8.

On December 5, 2017, Smith moved for judgment on the pleadings and filed a memorandum of law in support. Dkts. 15–16. On February 6, 2018, the Commissioner cross-moved for judgment on the pleadings and filed a memorandum of law in support. Dkts. 17–18. On February 26, 2018, Smith filed a reply memorandum. Dkt. 19.

2

On August 10, 2018, Judge Netburn issued the R&R, recommending that the Court (1) deny the Commissioner's cross-motion and (2) remand the case for further administrative proceedings. R&R 31. Judge Netburn identified two errors in the ALJ's decision as grounds for remand: (1) there was not substantial evidence in the record to support the ALJ's finding that Smith was able to perform light work; and (2) the ALJ failed to consider whether substantial evidence supported a finding that Smith was disabled for a closed period. *See id.* at 24. Judge Netburn then identified a series of errors that she considered harmless, but that ought to be addressed in the event of a remand. *See id.* at 26–29. In particular, Judge Netburn concluded that the ALJ: (1) erred in not considering the factors set forth in *Selian v. Astrue*, 708 F.3d 409, 417–18 (2d Cir. 2013), in deciding not to give controlling weight to the opinion of Smith's treating physician; and (2) failed to consider Smith's work history in assessing her credibility. *See* R&R 27–29. Judge Netburn then rejected several additional challenges raised by Smith. *See id.* at 29–31.

On August 24, 2018, the Commissioner filed objections to the R&R. Dkt. 23. The Commissioner challenged both of Judge Netburn's grounds for remand, but did not address the errors Judge Netburn deemed harmless. *See id.* Smith did not file any objections.

## II. Standard of Review

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (quotation marks and citation omitted); *see also* 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (quotation marks and citation omitted).

3

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of a Report and Recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quotation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report and Recommendation for clear error. *See Kozlowski v. Hulihan*, Nos. 09 Civ. 7583 (RJH) (GWG), 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). However, when specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

### III. Discussion

The Commissioner has filed specific objections to two aspects of Judge Netburn's R&R: (1) her conclusion that there was not substantial evidence to support the ALJ's determination that Smith could lift 20 pounds, and (2) her conclusion that the ALJ failed to consider whether substantial evidence supported a finding of disability for a closed period. *See* Dkt. 23 at 2–3. The Court reviews these determinations *de novo*. For the following reasons, the Court adopts Judge Netburn's recommendation as to each determination. In addition, the Court has found no error in the remainder of the R&R, to which neither party has objected. Accordingly, the Court adopts the R&R in its entirety.

### A. The ALJ's RFC Determination

Judge Netburn recommends that the Court remand on the ground that there was not substantial evidence to support the ALJ's conclusion that Smith had the residual functional capacity to perform "light work." The Commissioner objects to this recommendation, arguing that substantial evidence supported the ALJ's determination. *See* Dkt. 23 at 5–7. The Court adopts Judge Netburn's recommendation.

Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Thus, to find that a claimant is capable of light work, the ALJ must find substantial evidence that the claimant can lift 20 pounds. *See* R&R 24.

The ALJ determined that the record evidence indicated that Smith was capable of performing light work with certain restrictions, including, as relevant here, that "she can lift and carry 20 pounds occasionally and 10 pounds frequently." AR 19. A vocational expert testified that, given these restrictions, an individual would be able to perform the requirements of several occupations that are widely available in the national economy. *See id.* at 24–25. The ALJ credited this testimony and concluded that Smith was therefore "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.* at 25.

The Court agrees with Judge Netburn that substantial evidence did not support the ALJ's conclusion that Smith had the residual functional capacity to perform light work. As Judge Netburn observed, not a single medical expert concluded that Smith was able to lift 20 or more pounds. R&R 24. On the contrary, several doctors expressly concluded that Smith could *not* lift 20 pounds.

Dr. Michael Miller, an orthopedic surgeon, determined that Smith "may lift no greater than 10 pounds." AR at 573, 576. Dr. Ronald Israelski, another orthopedic surgeon, completed a work capacity evaluation indicating that Smith could never lift anything heavier than 10 pounds. *See id.* at 488, 555–56. And Dr. Rajan Gulati, Smith's treating physician, also completed a work capacity evaluation and determined that Smith could never lift anything heavier than 10 pounds. *Id.* at 593.[1]

The Commissioner counters that the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole," even if it does not "perfectly correspond with any of the opinions of medical sources cited in [her] decision." Dkt. 23 at 7 (quoting *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013)). Thus, the Commissioner argues, even if no doctor concluded that Smith could lift 20 pounds, and even if the doctors cited above expressly concluded that she could not do so, several other medical experts' reports supplied substantial evidence to support an RFC of light work. *See* Dkt. 23 at 6 (citing, *inter alia*, *Frazier v. Comm'r of Soc. Sec.*, No. 16 Civ. 4320 (AJP), 2017 WL 1422465 (S.D.N.Y. Apr. 20, 2017)).

In support of this theory, the Commissioner cites the reports of several doctors who say nothing one way or the other about Smith's capacity for lifting. *See* Dkt. 23 at 5–7. It is true, as the Commissioner suggests, that at least under some circumstances, a medical report that lists certain restrictions may reasonably be understood to suggest the absence of other restrictions. *See, e.g., Cillari v. Colvin*, No. 13 Civ. 4154 (LTS) (DF), 2015 WL 1433371, at *22 n.46 (S.D.N.Y. Mar. 30, 2015) (although doctor "did not explicitly state that Plaintiff had no

---

[1] Kristin Banse, a physical therapist, also determined that Smith "would require [the] use of [a] cart for [lifting] anything heavier" than eight pounds. *Id.* at 599.

6

limitation in sitting," the report as a whole, including statements that plaintiff had moderate restrictions for squatting, prolonged standing, walking, and climbing, reasonably suggested that doctor believed plaintiff had no limitation with respect to sitting). But it does not follow, in this particular case, that the lacunae in Smith's doctors' reports as to her lifting ability reasonably implied Smith's ability to lift 20 pounds.

First, even on their own terms, the medical reports cited by the Commissioner cannot support a reasonable inference that Smith could lift 20 pounds. The Commissioner notes, for example, that Smith's spinal surgeon, Dr. Jeffrey Degen, cleared Smith "from a neurosurgical standpoint" to return to work. AR 378. But this report says nothing about lifting ability and, more to the point, expressly declines to opine on whether Smith was cleared for work from an orthopedic perspective. *See id.*

The Commissioner next relies on the reports of orthopedic specialist Dr. Charles Peralo, but these reports fare no better. Smith visited Dr. Peralo twice shortly after Dr. Degen performed surgery on her neck. *See* R&R 10–11. On Smith's second visit, Dr. Peralo reported that Smith had an "inability to lift even light objects," and that she experienced "pain and discomfort" in her lower arm. AR at 261. The Commissioner notes that, in a later report, Dr. Peralo found no "problems in the left shoulder from an orthopedic standpoint." Dkt. 23 at 5 (quoting AR 486). But in that same report, Dr. Peralo also concluded more generally that Smith had "not improved" since her neck surgery. AR 486. At best, therefore, Dr. Peralo's later report is equivocal as to Smith's lifting ability.

Finally, the Commissioner relies on reports from Drs. Richard Goccia and Jacques Serge Parisien following their individual examinations of Smith. Dr. Goccia reported that "[Smith] is mildly limited for activities which require work overhead." *Id.* at 390. Similarly, Dr. Parisien

7

opined that Smith was "capable of working with limitations of limited overhead use of the left upper extremity and no pushing or pulling." *Id.* at 587–88. Neither of these statements, standing alone, reasonably supports the inference that Smith could lift 20 pounds. Unlike a categorical listing of restrictions from which a reasonable reader might infer the absence of an unstated restriction, neither doctor's opinion provides the level of detail that would support a negative inference about Smith's ability to lift a particular weight. On the contrary, Smith's complete inability to push or pull would reasonably suggest at least *some* limitation as to lifting.

In any event, even if these reports, standing alone, might have supported the inference that Smith could lift 20 pounds, that inference would have been unreasonable in light of the express, contrary evidence provided by Drs. Miller, Israelski, and Gulati, as well as physical therapist Banse. Although the ALJ thought that the opinions of Drs. Miller and Israelski merited "great weight" and "some weight," respectively, she inexplicably discounted their conclusions regarding Smith's lifting capacity. *Id.* at 23. And as for Dr. Gulati, the ALJ swept his conclusions aside, deeming them suspect because they were (1) given for the purpose of determining Worker's Compensation benefits, which uses a different standard of "disability" than the Social Security Administration, and (2) "clearly not supported in the record." *Id.* But to the first point, the different definition of "disability" applied in the Worker's Compensation context has no bearing on Dr. Gulati's specific conclusions regarding the limited weight that Smith could lift. And to the second point, as explained above, Dr. Gulati's opinions on Smith's physical limitations were not inconsistent with the record. *See, e.g., id.* at 488, 573, 555–56, 573, 576, 593, 598–99.

In sum, therefore, the Court agrees with Judge Netburn's recommendation that substantial evidence did not support the ALJ's finding that Smith was able to perform light work. On that basis alone, this case must be remanded.

**B.     Disability for a Closed Period**

The Court also agrees with Judge Netburn that the ALJ committed legal error in failing to consider whether Smith was disabled for a closed period of time—*i.e.*, for a limited period greater than 12 months following the onset of her disability on March 31, 2013. For avoidance of doubt, the Court does not direct a finding that Smith was disabled for any period of time. Rather, the Court directs the ALJ on remand to consider expressly whether, notwithstanding certain evidence tending to suggest improvement in her condition, Smith was disabled for any period of time greater than 12 months following the onset of her disability. *See, e.g., Pena v. Barnhart*, No. 01 Civ. 502 (BSJ) (DF), 2002 WL 31487903, at *11–12 (S.D.N.Y. Oct. 29, 2002). The ALJ may find upon review of the record as a whole that there is no closed period of disability. From the present record, however, it is not clear that the ALJ considered a closed period of disability at all.

**C.     No Clear Error Elsewhere**

Neither the Commissioner nor Smith offers further challenges to Judge Netburn's Report and Recommendation. Accordingly, this Court has reviewed the remainder of the R&R for clear error and has not found it. The Court therefore adopts the R&R in its entirety. On remand, the ALJ is directed (1) to expressly consider the *Selian* factors in determining what weight to afford to Dr. Gulati's opinion, and (2) to consider Smith's work history in evaluating her credibility.

## CONCLUSION

For the foregoing reasons, the Court adopts in full Judge Netburn's August 10, 2018, Report and Recommendation.

It is hereby ordered that: (1) plaintiff's motion for judgment on the pleadings is GRANTED; (2) defendant's cross-motion for judgment on the pleadings is DENIED; and (3) the case is REMANDED for further administrative proceedings. The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 24, 2018
New York, New York